IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JIM HARGRAVE, | § | |
| | § | |
| v. | § | C.A. NO. C-08-129 |
| | § | |
| NATHANIEL QUARTERMAN. | § | |

## ORDER

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Stiles Unit in Beaumont, Texas. Proceeding pro se, he filed a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending are petitioner's motions for the appointment of an attorney and an evidentiary hearing. (D.E. 19).

**A.     Petitioner's Motion For An Evidentiary Hearing.**

Rule 8(a) of the Rules Governing Section 2254 Cases states that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(c) further requires that "[t]he judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." The Fifth Circuit has explained that "[a] hearing in a habeas proceeding is required only when, *inter alia*, the record reveals a genuine factual dispute." Tague v. Puckett, 874 F.2d 1013, 1015 (5th Cir. 1989) (emphasis added); see also Murphy v. Johnson, 205 F.3d 809, 815-16 (5th Cir. 2000) (discussing basis for evidentiary hearing).

Petitioner is challenging his conviction for capital murder by the 94th Judicial District Court in Nueces County, Texas. (D.E. 1, at 2). In the pending motion, he argues for an

evidentiary hearing because he has a copy of the answer filed in his Article 11.07 proceeding in state court. (D.E. 19). Respondent has filed a motion for summary judgment. (D.E. 18). Petitioner may file a copy of the answer with his response to respondent's motion for summary judgment. If an evidentiary hearing is determined to be necessary, then one will be set.

B.   **Petitioner's Motion For The Appointment Of Counsel.**

There is no constitutional right to counsel in federal habeas proceedings. Wright v. West, 505 U.S. 277, 293 (1992) (Constitution "guarantees no right to counsel on habeas"); see also Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (same); Johnson v. Hargett, 978 F.2d 855, 859 (5th Cir. 1992) (same). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned sua sponte if there are issues which mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. See Rule 6(a) of the Rules Governing § 2254 Cases; Thomas v. Scott, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Accordingly, it is ORDERED that petitioner's motion for an evidentiary hearing, (D.E. 19), be DENIED without prejudice. Furthermore, it is ORDERED that petitioner's motion for the appointment of counsel, (D.E. 19), be DENIED without prejudice.

ORDERED this 15th day of July 2008.

                                                BRIAN L. OWSLEY
                                                UNITED STATES MAGISTRATE JUDGE