IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JIM HARGRAVE, | § | |
| | § | |
| v. | § | C.A. NO. C-08-129 |
| | § | |
| NATHANIEL QUARTERMAN. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and currently is incarcerated at the Stiles Unit in Beaumont, Texas. Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 21, 2008. (D.E. 1).

Pending is petitioner's motion for a certificate of appealability. (D.E. 23). For the reasons stated herein, it is respectfully recommended that petitioner's motion for a certificate of appealability be denied.

**I. BACKGROUND**

On July 3, 2008, respondent filed a motion for summary judgment. (D.E. 18). On August 14, 2008, petitioner filed a response. (D.E. 21). On August 20, 2008, a memorandum and recommendation was entered recommending that respondent's motion for summary judgment be granted and that the petition be dismissed with prejudice as time-barred. (D.E. 22). This memorandum and

recommendation is still pending, and final judgment has not been entered in this action. On August 29, 2008, petitioner filed his motion for certificate of appealability. (D.E. 23).

## II. DISCUSSION

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

Similarly, for claims that district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Petitioner does not present any argument to support his request for a certificate of appealability. Instead, he simply explains that he did not previously know that he could request one. (D.E. 23, at 1). Moreover, he does not address the issues raised in the memorandum and recommendation about the untimeliness of his petition.

### III.  RECOMMENDATION

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that petitioner's motion for a certificate of appealability, (D.E. 23), be denied. It is further respectfully recommended that petitioner be advised that he may request the issuance of a certificate of appealability from a federal circuit court of appeals judge if final judgment is entered against him and he seeks to appeal any denial of his claims.

<u>See</u> Fed. R. App. P. 22(b).

    Respectfully submitted this 8th day of September 2008.

                                             _____
                                             BRIAN L. OWSLEY
                                             UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).