UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JIM HARGRAVE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-08-129 |
| | § | |
| WARDEN SMITH, | § | |
| | § | |
| Respondent. | § | |

**ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
AND DISMISSING PETITIONER'S § 2254 HABEAS CORPUS PETITION**

In this § 2254 habeas corpus action, petitioner Jim Hargrave challenges as unconstitutional his 1996 conviction for capital murder on numerous grounds including involuntary guilty plea, ineffective assistance of trial counsel, and insufficient evidence. (D.E. 1). Respondent moves for summary judgment to dismiss Hargrave's petition as time barred. (D.E. 18). For the reasons stated herein, respondent's motion for summary judgment is granted, and Hargrave's § 2254 petition is dismissed with prejudice.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II.  BACKGROUND

Hargrave is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is serving a life sentence for capital murder. Pursuant to a plea agreement in which the State agreed not to seek the death penalty, Hargrave waived his right to a jury trial, and on April 26, 1996, pled guilty to the capital murder charge in Cause No. 95-CR-

1863-C,  in the 94th Judicial District, Nueces County, Texas.  See Ex parte Hargrave, Appl. No. 45,828-01, at 93-97. [1]

On April 24, 2000, Hargrave filed a state application for habeas corpus relief.[2]  Ex parte Hargrave, Appl. No. 45, 828-01, at 2-8.  On May 22, 2000, the State filed its Answer, id. at 10-16, and on May 23, 2000, the trial court recommended that Hargrave's petition be denied without further inquiry.  Ex parte Hargrave, Appl. No. 45, 828-01, at 29.  On June 21, 2000, the Texas Court of Criminal Appeals denied Hargrave's state writ without written order on the findings of the trial court.  Ex parte Hargrave, Appl. No. 45, 828-01, at cover.

On April 21, 2008, Hargrave filed the instant federal petition.  (D.E. 1).

### III.  PETITIONER'S ALLEGATIONS

Hargrave raises the following grounds for relief: (1) his conviction was obtained by a guilty plea that was unlawfully induced; (2) he was denied effective assistance of counsel; and (3) the prosecution failed to inform him of evidence favorable to his defense.  (D.E. 1, at 7). Hargrave  alleges that his guilty plea was induced by an improper threat of the death penalty, that his attorney failed to challenge the indictment for lack of evidence, and that his mental health history was not used in his defense.  Id.

### IV.  DISCUSSION

**A.    Standard of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000).  Summary judgment is appropriate when

---

[1] A copy of Hargrave's state court records are filed at D.E. 16.

[2] Hargrave claims to have filed a direct appeal; however, there is no evidence of a direct appeal in the record.

there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories, and admissions on file, in the light most favorable to the non-movant.  <u>Caboni v. Gen. Motors Corp.</u>, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Williams v. Adams</u>, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585-87 (1986); <u>Fields v. City of S. Houston</u>, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  <u>Celotex</u>, 477 U.S. at 322-23; <u>ContiCommodity Servs., Inc. v. Ragan</u>, 63 F.3d 438, 441 (5th Cir. 1995).

**B.     AEDPA's Statute of Limitations.**

Under the 1996 amendments to the federal habeas corpus statute, which took effect April 24, 1996,[3] state prisoners have a one-year statute of limitations within which to file a petition for federal habeas corpus relief.  Limitations runs from the latest of four alternative dates:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, Hargrave challenges his April 26, 1996 conviction.  Limitations began to run when the judgment became final after direct review or the time for review had expired.[4]  28 U.S.C. § 2244(d)(1)(A).

---

[3]These amendments are embodied in the Antiterrorism and Effective Death Penalty Act of 1995, ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  Hargrave's petition is subject to the provisions of the AEDPA.  Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997).

[4]The other sections are not applicable.  The record does not reflect, nor does Hargrave argue, that any unconstitutional "state action" prevented him from filing for federal habeas corpus relief prior to the end of the limitations period.  28 U.S.C. § 2244(d)(1)(B).  His claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C).  Finally, Hargrave does not argue or establish that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final.  28 U.S.C. § 2244(d)(1)(D).

Hargrave has not alleged any facts indicating that § 2244(d)(1)(A) does not control. (D.E. 1).  Thus, the limitations period began to run on the date his conviction became final.

Hargrave was convicted on April 26, 1996.  Ex parte Hargrave, Appl. No. 45,828-01 at 93.  His conviction became final thirty days later, on Monday, May 27, 1996.  Tex. R. App. P. 26.2(a)(1).  Hargrave thus had until May 27, 1997 to file a federal habeas petition.  No federal petition was filed during that time.

Federal limitations is tolled during the time which a petitioner seeks state post-conviction writ review:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Here, Hargrave filed a state application for habeas relief on April 24, 2000, almost three years after AEDPA's statute of limitations had expired.  A state application filed *after* the federal limitations has expired does not extend limitations for purposes of § 2244(d)(2).  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (AEDPA's limitations period is not tolled by post-conviction proceedings occurring after deadline has expired).

However, even if the Court were to find that the untimely state writ *did* toll limitations, Hargrave's federal petition is still time barred.  The Texas Court of Criminal Appeals denied Hargrave's state writ on June 21, 2000.  See Ex parte Hargrave, Appl. No. 45,828-01, at cover.  Thus, Hargrave then had one year from June 21, 2000, or until June 21, 2001 to file his federal writ.  He did not file the instant writ until April 21, 2008.  That is, considering all time calculations in Hargrave's favor, even assuming the state writ did toll limitations, his federal petition is simply far too late.

C.      **Equitable Tolling.**

The decision to invoke equitable tolling is within the discretion of the district court.  See

Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).  The Fifth Circuit "has held that equitable

tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances'

where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of

limitations would be inequitable.'"  Johnson v. Quarterman,  483 F.3d 278, 286 (5th Cir.), cert

denied, __ U.S. __, 128 S. Ct. 709 (2007) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th

Cir. 2002)).  "To be entitled to equitable tolling, [petitioner] must show '(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing."  Lawrence v. Florida, _ U.S. _, 127 S. Ct. 1079, 1085 (2007) (citation

omitted).  Equitable tolling of the limitations period applies principally where the petitioner is

actively misled by the respondent about the cause of action, or is prevented in some

extraordinary way from asserting his rights.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.

1999) (per curiam) (citation omitted).   A prisoner proceeding pro se is not a "rare and

exceptional" circumstance.  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (citations

omitted).

Hargrave has raised the issue of his mental capacity by alluding to his mental health

history in his petition.  (D.E. 1 at 7).  The Fifth Circuit has explained that "mental incompetency

might support equitable tolling of a limitation period."   Fisher, 174 F.3d at 715 (citation

omitted).   However, courts have denied equitable tolling to petitioners claiming mental

incapacity where they do not plead, or adduce, facts sufficient to support their claim.  See, e.g.,

Robinson v. Johnson, 218 F.3d 744, 2000 WL 821450 at *1 (5th Cir. May 31, 2000) (per

curiam) (unpublished) (affirming district court's decision declining to apply equitable tolling

where petitioner had produced "no evidence or argument supporting his contention that his mental condition or medication impaired his ability to file his federal habeas petition within the one-year grace period"). The petitioner must demonstrate that "mental disabilities prevented him from seeking post-conviction review during the AEDPA limitations period." Heidle v. Dretke, No. 3-04-CV-2627-D, 2005 WL 81716 at *1 (N.D. Tex. Jan. 12, 2005) (unpublished) (citation omitted). The evidentiary burden cannot be met by mere conclusory assertions regarding mental incompetency. Hennington v. Johnson, No. 4:00-CV-0292-A, 2001 WL 210405 at *4, n.9 (N.D. Tex. Feb. 28, 2001) (unpublished) (citations omitted). To satisfy his burden, Hargrave must "provide necessary details showing that his mental impairment prevented him from managing his legal affairs or understanding his legal rights." White v. Quarterman, C.A. No. H-07-2039, 2007 WL 4223491 at *3 (S.D. Tex Nov. 29, 2007) (unpublished).

Here, Hargrave has not alleged that his mental health problems prevented him from filing a petition within the statutory limitations period. His mere reference to his mental health is not sufficient to carry the evidentiary burden required to invoke equitable tolling. His summary judgment response (D.E. 21) does not address any mental incompetency. In fact, his ability to file his federal petition and response are some evidence that he is competent, and he did not allege that his mental capacity has recently improved. Even taking all of the facts alleged by Hargrave as true, he is not entitled to equitable tolling.

## V. CERTIFICATE OF APPEALABILITY

A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.

Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that " [a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

Here, reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Thus, Hargrave is not entitled to a certificate of appealability.  Hargrave is advised that he may request the issuance of a COA from a circuit court of appeals judge.  See Fed. R. App. P. 22 (b) (If the district judge has denied the COA, the applicant may then request issuance of the certificate by a circuit judge).  If Hargrave does not expressly make such a

request for a COA, the notice of appeal shall be deemed to constitute a request addressed to the

judges of the Fifth Circuit.  Id.

## VI.  CONCLUSION

Accordingly, respondent's motion for summary judgment (D.E. 18) is GRANTED.

Hargrave's petition for § 2254 relief is denied with prejudice as time barred.  28 U.S.C. §

2244(d)(1).

SIGNED and ORDERED this 8th day of September, 2008.

_____
Janis Graham Jack
United States District Judge
United States District Judge